# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2025

Lyle W. Cayce
Clerk

No. 25-10360
Summary Calendar

───────────

Glenn Winningham, House of Fearn,

*Plaintiff—Appellant*,

*versus*

Chad Yarbrough; Leigha Simonton; Janet Yellen;
Jonathan R. Ellzey; Tim Haroldson; State Bar of Texas;
Et al.,

*Defendants—Appellees*.

───────────────────────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-881

───────────────────────────────

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Pro se Plaintiff-Appellant Glenn Winningham brought incoherent allegations against approximately 46 defendants, attacking a judgment against him for unpaid property taxes. A magistrate judge entered a thorough

───────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10360

proposed order recommending dismissal of Plaintiff's suit for lack of jurisdiction, which the district court adopted. We AFFIRM.

I.

Plaintiff appears to attack a state-court Judgment finding state taxing entities had "valid claims for delinquent taxes" against Plaintiff. Plaintiff sued "anyone remotely connected to the tax action," including attorneys, judges, and various state and federal entities. He avers that these Defendants "conspired" to "unlawfully and illegally render [Plaintiff's] land for taxation." He brings the instant suit as a "collateral attack on a void Judgement made by the (bought and paid for) clerk masquerading as Judge Patricia Coleman Byars, in conspiracy with BAR members named herein, and their County of Montague mafia handlers."

Plaintiff's Complaint does not point to any concrete deficiencies or legal errors in the tax Judgment but instead alleges that Defendants have committed 32 crimes, including everything from "giving aid and comfort to the enemy in a time of war" to "false pretenses on high seas" and "selling the Demandent into involuntary servitude." His allegations are rambling and often alarming. For example, he writes, "[t]hese WRONGDOERS are bringing in business for this District of Columbia so-called court corporation right now, and it will bring in more business when the Demandant arms up and goes out there and defends his right NOT to be their slave, with lethal force if necessary."

Acting on a magistrate judge's thorough report and recommendation, the district court dismissed for lack of standing. The court found that Plaintiff had not stated facts to show a "case or controversy." It explained that to the extent Plaintiff challenges the Judgment in the state tax action, federal courts are barred by the *Rooker-Feldman* and *Younger* doctrines from entertaining collateral attacks on state court judgments. It further noted that judicial

No. 25-10360

immunity barred Plaintiffs' claims against the judicial defendants, sovereign immunity barred his claims against the United States and its agents, and Eleventh Amendment immunity barred his claims against Texas and its agents. Finally, as to all other defendants, the court found that there was no "case or controversy" to adjudicate because Plaintiff alleged no injury traceable to these Defendants.

## II.

Although Plaintiff timely appealed, he does not engage with the district court's reasons for dismissal. His brief is in the same style as his Complaint: he refers to lawyers and Judges as the "Pope's clergy," repeatedly references Roman law and satanism, and quotes excerpts from out-of-context treatises and dictionaries. But he does not address the district court's reasons for finding he lacks standing. "Where a party's opening brief barely addresses the district court's analysis and wholly neglects to explain how it erred, the party forfeits that argument."[1] Moreover, we have reviewed the district court's opinion and find it persuasive.[2] Accordingly, we AFFIRM.

---

[1] *Hernandez v. Causey*, 124 F.4th 325, 335 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1930, 221 L. Ed. 2d 667 (2025) (quoting *Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 594 (5th Cir. 2023)) (cleaned up).

[2] *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) ("On appeal, [the plaintiff] does not address the merits of [the district court's opinion], which we find quite persuasive. We will not raise and discuss legal issues that [the plaintiff] has failed to assert.").